# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SARAH SMITH, ) | |
| ) | CIVIL ACTION NO. |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| COZUMEL THE MEXICAN ) | **JURY TRIAL DEMANDED** |
| CANTINA, INC., ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

## COMPLAINT

COMES NOW Plaintiff Sarah Smith, by and through her undersigned counsel, and sets forth this Complaint for damages against the above-named Defendant Cozumel The Mexican Cantina, Inc. ("Cozumel"). Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.

This action is for sexual harassment and retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII"). Plaintiff seeks declaratory and injunctive relief, back pay, front pay,

compensatory damages, punitive damages and attorney's fees and costs. The claims herein present federal questions thus jurisdiction is proper before this Court pursuant to 28 U.S.C. § 1331.

## VENUE

2.

Venue is proper pursuant to, *inter alia*, 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3). Moreover, the unlawful employment practices alleged below were committed within the geographic boundaries of the Atlanta Division, Northern District of the United States District Court, within the State of Georgia.

## PARTIES AND JURISDICTION

3.

Plaintiff is a female citizen of the United States, resides in the State of Georgia, and is a former employee of Defendant Cozumel.

4.

Defendant Cozumel is a domestic for-profit corporation organized under the laws of the State of Georgia.

5.

Defendant Cozumel may be served through its Registered Agent, Salvador Padilla, 2333 Mann Road, Douglasville, Georgia 30134, if service of process is not waived.

6.

This Court has personal jurisdiction over Defendant Cozumel. The registered agent for Defendant Cozumel is located within the geographic boundaries of this Court, and Defendant Cozumel operates within the geographic boundaries of this Court.

## FACTS

7.

Defendant Cozumel is a Mexican restaurant with a family sports bar atmosphere. Defendant Cozumel serves Mexican food and alcoholic and non-alcoholic beverages.

8.

Defendant Cozumel employed fifteen or more employees for each working day in each of twenty or more calendar weeks throughout 2014 and 2015.

9.

Defendant Cozumel is subject to the anti-discrimination provisions of Title VII.

10.

Ms. Smith began her employment with Defendant Cozumel in or around November 2014.

11.

Ms. Smith was employed as a server.

## **SEXUAL HARASSMENT**

12.

Approximately two weeks into her employment with Defendant Cozumel, employees began sexually harassing Ms. Smith.

13.

What began as simple compliments quickly escalated to unsolicited and unprovoked offensive comments.

14.

Ms. Smith would have to endure a barrage of comments about her body, specifically her breasts and buttocks, multiple times per shift.

15.

This behavior was not isolated to one individual; but rather, it was pervasive and engrained as part of the work culture at Defendant Cozumel. Managers, co-workers, and kitchen staff would verbally accost and sexually harass her throughout the day.

16.

Ms. Smith would plead with the employees to stop harassing her because it was taking a toll on her mental health.

17.

Ms. Smith's requests went unheeded. Instead, it only exacerbated the situation.

18.

Employees at Defendant Cozumel began coming up behind Plaintiff while she was working and would rub themselves on her and grope her.

19.

Employees would try to kiss Ms. Smith; slap and grab at her buttocks; and would simulate sexual gestures like rubbing on their genitals and flicking their tongues between their fingers at her.

20.

Through these ordeals, Ms. Smith would do her best to ignore the employees and ask that they stop. These requests fell on deaf ears.

21.

On or around January 31, 2015, Ms. Smith stopped by Defendant Cozumel to pick up her check on her day off from restaurant manager, Marco Martinez. Mr. Martinez directed Ms. Smith to follow him into his office.

22.

Once they entered his office, Mr. Martinez closed the door behind them, which Ms. Smith found to be odd. While Mr. Martinez began sifting through a stack of paychecks to find hers, Ms. Smith began browsing through her phone.

23.

Ms. Smith became startled when she felt the back of her dress lift up. She quickly turned and told Mr. Martinez to please stop and asked him for her check.

24.

Mr. Martinez told her to stay, and Ms. Smith tried to bolt for the door.

25.

Mr. Martinez quickly grabbed Ms. Smith's wrist with one hand and, with his free hand, unzipped his pants and exposed himself telling her to touch it.

26.

Stunned, Ms. Smith escaped from his grip and hastily left his office without her check.

27.

Following this encounter, Ms. Smith did her best to limit her interactions with Mr. Martinez. However, the harassment continued from the rest of the employees.

28.

On or around February 26, 2015, without any other option, a distraught Ms. Smith made a verbal complaint of sexual harassment to Mr. Martinez.

29.

For approximately three days following her complaint, the employees stopped with the verbal and physical harassment.

30.

Unsurprisingly, the harassment slowly started again with employees calling Ms. Smith a "snitch", and eventually with verbal and physical sexual harassment.

31.

Frustrated with her situation because of her inability to secure other employment due to a lack of transportation and the need to support her son, Ms.

Smith took up smoking cigarettes, which she was subsequently written up and suspended for.

32.

On or around March 31, 2015, Ms. Smith was constructively discharged from her employment with Defendant Cozumel.

33.

On or around March 31, 2015, Ms. Smith filed a charge with the Equal Employment Opportunity Commission against Defendant Cozumel alleging sexual harassment.

34.

A true and accurate copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein.

35.

On or around April 6, 2015, Ms. Smith returned to Defendant Cozumel to pick up her last paycheck and request a W-2 form. While she was there she made a verbal complaint of sexual harassment and retaliation.

36.

In response, Mr. Martinez withheld Ms. Smith's paycheck and began yelling at her in the restaurant and told her to never return again. Ms. Smith hurriedly left the restaurant and did not return again for her paycheck.

37.

On or around April 30, 2016, Plaintiff amended her charge of discrimination with the Equal Employment Opportunity Commission against Defendant Cozumel to include an allegation of retaliation.

38.

A true and accurate copy of the Amended Charge of Discrimination is attached hereto as Exhibit "B" and incorporated herein.

39.

On or around September 29, 2016, the Equal Opportunity Employment Commission issued Ms. Smith a Notice of Right to Sue; however, due to administrative error, the notice was never received. Subsequently, the Equal Opportunity Employment Commission rescinded the previous Notice of Right to Sue and revised and issued another on January 26, 2017, a copy of which is attached hereto as Exhibit "C" and is incorporated herein.

40.

This suit has been commenced within ninety (90) days of Ms. Smith's receipt of the Notice of Right to Sue.

## **FIRST CAUSE OF ACTION: VIOLATION OF TITLE VII - SEXUAL HARASSMENT**

41.

Plaintiff incorporates by reference paragraphs 1- 40, above, as if fully set forth herein.

42.

Plaintiff belongs to a protected group (female) as defined by Title VII.

43.

Plaintiff began working for Defendant Cozumel in or around November 2014.

44.

During her employment, Mr. Martinez and numerous other employees began sexually harassing Ms. Smith.

45.

The harassment was unwelcome and was a direct result of her gender.

46.

This unwelcome sexual harassment was sufficiently severe and pervasive as to alter the terms and conditions of Ms. Smith's employment and to create a hostile and discriminatorily abusive working environment.

47.

As a direct and proximate result of the above mentioned discriminatory conduct, Plaintiff suffered damages including lost wages and benefits, diminished employment opportunities and emotional distress, for which Defendant Cozumel is liable.

## **SECOND CAUSE OF ACTION: VIOLATION OF TITLE VII - UNLAWFUL RETALIATION**

48.

Plaintiff incorporates by reference paragraphs 1- 47, above, as if fully set forth herein.

49.

Plaintiff engaged in protected activity under Title VII by making complaints sexual harassment to Defendant Cozumel.

50.

After Plaintiff made complaints of sexual harassment, Plaintiff was retaliated against. Following her complaint of sexual harassment, Plaintiff was harassed at work specifically for making the complaint, and Plaintiff's employment was terminated for pretextual reasons.

51.

Plaintiff was retaliated against to punish her for making complaints of sexual harassment.

52.

As a direct and proximate result of the above mentioned discriminatory conduct, Plaintiff suffered lost wages and benefits, diminished employment opportunities and emotional distress, for which Defendant Cozumel is liable.

**WHEREFORE**, Plaintiff demands a trial by jury and for the following relief:

(a)     that Summons issue;

(b)     that Defendants be served with Summons and Complaint;

(c)     that trial by jury of all issues be had;

(d)     that judgment be issued against Defendant Cozumel for any and all general, special, and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

(e)   for all costs of this action to be taxed against the Defendant;

(f)   for all costs and attorney's fees to be awarded to Plaintiff; and,

(g)   for any and all other further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted this 25th day of April 2017.

                                                 s/ J. Stephen Mixon_____
                                                 J. Stephen Mixon, Esq.
                                                 Georgia Bar No. 514050
                                                 steve@mixon-law.com

                                                 Gregory Y. Shin, Esq.
                                                 Georgia Bar No. 446452
                                                 greg@mixon-law.com

                                                 Attorneys for Plaintiff

**MILLAR & MIXON, LLC**
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
Tel: 770-955-0100
Fax: 678-999-5039